UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-06195-AYP Date: October 28, 2026

Title Vache Harutyunyan v. Johnson et al

Present: The Honorable: ANNA Y. PARK, UNITED STATES MAGISTRATE JUDGE

| M. Pogosyan | |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |

**Proceedings: (In Chambers) ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1)**

On October 16, 2026, Vache Harutyunyan (A#249-108-643) ("Petitioner"), a noncitizen in immigration custody at the Adelanto Immigration and Customs Enforcement ("ICE") Facility, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition," Dkt. No. 1) and an Ex Parte Application for Temporary Restraining Order and Preliminary Injunction Relief ("Motion for TRO," Dkt. No. 2). Petitioner seeks immediate release, asserting that Respondents violated the Due Process Clause of the Fifth Amendment by revoking his liberty without notice and without an opportunity to be heard as to whether he poses a danger or a flight risk.

On October 20, 2026, Petitioner consented to proceed before a Magistrate Judge, in accordance with Title 28 Section 636(c) and F.R.CIV.P 73(b). (Dkt. No. 8.) On October 20, 2026, the Court issued a Notice of General Order 26-05 and Briefing Schedule that requires Respondents to file an Answer to the Petition by no later than seven days from the date of the Notice. (Dkt. No. 10.) To date,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-06195-AYP Date: October 28, 2026

Title Vache Harutyunyan v. Johnson et al

Respondents have not filed an answer or otherwise communicated with the Court. In light of the absence of an Answer, the Court deems the Petition unopposed.

For the reasons set forth below, the Court ORDERS that the Petition be GRANTED, and a writ of habeas corpus be issued requiring Petitioner's immediate release and prohibiting future re detention absent adequate pre deprivation notice and an individualized hearing.

Petitioner represents that he is a native and citizen of Armenia. (Pet. at 3.) Petitioner represents that he entered the United States on June 27, 2023, through the CBP-1 program. *Id.* Petitioner contends that following a brief detention at the border, immigration authorities determined he was neither a danger nor a flight risk and released him on an order of recognizance ("OREC"). *Id.*

Petitioner asserts that since being released on an OREC, he has kept a fixed residence in California and promptly notified immigration authorities of any address changes. (Pet. at 3.) Petitioner contends that the Department of Homeland Security ("DHS") has granted a work authorization that is valid through the year 2030 and he has a pending application for asylum with U.S. Citizenship and Immigration Services ("USCIS"). *Id.* Petitioner represents that during the time of his residence in the United States he has maintained lawful employment and developed substantial ties to the community. (Pet. at 4.)

Petitioner contends that on September 22, 2026, he was suddenly arrested and taken into immigration custody as he was leaving his residence. (Pet. at 5.)

Petitioner further asserts that he did not receive notice of the reason for the revocation of his release, or an opportunity to be heard as to whether his detention is warranted before an immigration judge. *Id.* Petitioner's removal proceedings remain pending, and he has not been ordered removed. [1] Petitioner remains in custody at the Adelanto ICE Processing Facility as of the filing of the Petition. (Pet. at 9.)

Petitioner has a protected due process interest in being released, as he was released on an OREC and has resided freely in the community for more than three (3) years. *See Zadvydas v. Davis*, 533 U.S. 678, 679 (2001) ("[T]he Due Process Clause applies to all persons within the United States, including [noncitizens], whether their presence is lawful, unlawful, temporary, or permanent."); *see also Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1033 (N.D. Cal. 2025) (petitioner has substantial private interest in remaining in her home, continuing her employment and maintaining her community ties).

What process was due is assessed under *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), weighing (1) the private interest affected, (2) the risk of erroneous deprivation under the procedures used and the probable value of additional safeguards, and (3) the Government's interest, including the burdens of added process. The test is flexible and must account for the heightened governmental

[1] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of ICE's Online EOIR Automated Case Information System which indicates that his case is pending. *United States v. Vlha*, 142 F.4th 1194, 1200 n.2 (9th Cir.) ("Reports of government agencies are subject to judicial notice."), cert. denied, 146 S. Ct. 625 (2025); *Jupiter v. McAleenan*, 2020 WL 4919712, *2 n.1 (C.D. Cal. 2020) (taking judicial notice of ICE's Fiscal Year 2019 Enforcement and Removal Operations report).

interest in the immigration detention context. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022).

Because Respondents elected not to respond to the Petition, the record is devoid of any evidence or argument of a significant government interest in detaining Petitioner. Thus, it is uncontroverted that Petitioner has a significant due process interest in being released. Considering the record before the Court and Respondents' non-opposition, Petitioner has sufficiently alleged a procedural due process claim because the *Mathews* factors all favor Petitioner. Thus, the Court concludes Petitioner is entitled to relief on his procedural due process claim, and immediate release is warranted.

Accordingly, the Court GRANTS the Petition and ORDERS Petitioner Vache Harutyunyan's (A#249-108-643) immediate release and restoration of liberty to the conditions existing prior to October 20, 2026. Petitioner's Ex Parte Application for Temporary Restraining Order and Preliminary Injunction Relief (Dkt. No. 2) and Motion for Appointment of Counsel (Dkt. No. 6) are DENIED as moot.

**Respondents** shall return to Petitioner any of Petitioner's personal belongings that were seized from him, including all identification, work authorization, or other official documents.

It is further ORDERED that Petitioner shall be returned to the same release conditions in place prior to his current detention. Respondents shall file a "Notice of Release" within three days of the entry of this Order. The Notice shall include confirmation of the return of the above-named belongings.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-06195-AYP Date: October 28, 2026

Title Vache Harutyunyan v. Johnson et al

Additionally, Respondents are ENJOINED from re-detaining Petitioner absent strict compliance with the requirements of due process and all applicable statutes and regulations.

**IT IS SO ORDERED.**

:

**Initials of Preparer** bm for mp